*In re* **COOPER**, Cynthia Yoneva (MR 21767)
Kankakee, IL

Order of the Court:

The petition by the Administrator of the Attorney Registration and Disciplinary Commission to impose discipline on consent pursuant to

Supreme Court Rule 762(b) is allowed. Respondent Cynthia Yoneva Cooper is suspended from the practice of law for one year and until further order of the Court, with the suspension stayed after the first 30 days by a two-year period of probation subject to the following conditions:

a. Respondent shall continue to see Dr. Ayoade at least every two to three weeks and follow all prescribed treatment of Dr. Ayoade or such other psychiatrist agreed to by the Administrator, with the Administrator advised of any change in attendance deemed warranted by the psychiatrist;

b. Respondent shall abstain from alcohol and all other nonprescribed mood-altering substances;

c. Respondent shall, within the first 30 days of probation, secure a mentor within the Public Defender's office and shall meet with this mentor on a regular basis, for oversight of her schedule, deadlines, appointments, and courtroom demeanor, as long as she is employed there, and said mentor would meet with respondent on a regular basis. Respondent shall notify the Administrator of the name, address and telephone number of the mentor, shall cooperate with the mentor in assessing her attention to client matters, and shall authorize the mentor to disclose to the Administrator, on at least a quarterly basis, information about the nature of respondent's cooperation with the mentor in assessing her attention to client matters;

d. Respondent shall, within the first 30 days of probation, enroll in a law office management program approved by the Administrator and notify the Administrator of the name of the attorney with whom she is assigned to work. Respondent shall successfully complete the law office management program at least 30 days prior to the end of her probationary period. Through her participation in the law office management program, respondent shall establish and utilize the following, with respect to her private practice of law:

(1) a system for maintaining records as required by Supreme Court Rule 769;

(2) a diary and docketing system in accordance with the requirements established by the law office management program, including a mechanism by which approaching statutes of limitations and other filing deadlines are noted;

(3) a system by which telephone messages are recorded and telephone calls are returned in a timely manner;

(4) a system by which written requests by clients for the status of their legal matters are responded to, either orally or in writing, in a timely manner;

(5) a system whereby clients are apprised at the outset of representation of the basis upon which fees will be calculated and costs paid;

(6) for cases in which the fee is to be calculated on an hourly basis, a system by which clients are provided with regular itemized billing statements provided at least quarterly, setting forth the services performed by respondent, the date upon which each service was performed, the time spent by respondent on each service and the amount to be charged to the client;

(7) a system for the handling of funds belonging to clients and third parties that conforms to the requirements of Rule 1.15 of the Illinois Rules of Professional Conduct.

e. Respondent shall provide to her treating mental health professionals an appropriate release authorizing the treating professionals to: (a) disclose to the Administrator on at least a quarterly basis information pertaining to the nature of respondent's compliance with any treatment plan established with respect to respondent's condition; (b) promptly report to the Administrator respondent's failure to comply with any part of an established treatment plan; and (c) respond to any inquiries by the Administrator regarding respondent's mental or emotional state or compliance with any established treatment plans;

f. Respondent shall notify the Administrator within 14 days of any change in treatment professionals;

g. Respondent shall attend meetings scheduled by the Commission probation officer as requested by the Administrator concerning the status of her practice of law and the nature and extent of her compliance with the conditions of probation;

h. Respondent shall comply with the Illinois Rules of Professional Conduct and shall timely cooperate with the Administrator in providing information regarding any investigation relating to her conduct;

i. Respondent shall reimburse the Commission the costs of this proceeding as defined in Supreme Court Rule 773 and shall reimburse the Commission for any further costs incurred during the period of probation;

j. Respondent shall make restitution in the amount of $750 to Tabitha Williams at least 30 days prior to the termination of her period of probation;

k. Probation will be revoked if respondent is found to have violated any of the terms of probation. The remaining period of the one year suspension shall commence from the date of the determination that any term of probation has been violated and shall continue until further order of the Court; and

1. If respondent successfully completes the terms of her probation, the probation shall terminate without further order of the Court. Suspension effective October 9, 2007.

Respondent Cynthia Yoneva Cooper shall reimburse the Client Protection Program Trust Fund for any Client Protection payments arising from her conduct prior to the termination of the period of suspension/probation.

Kilbride, J., took no part.